FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 14, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC R. P.,<br><br>           Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | NO. 1:25-CV-3160-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 10, 15). The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

### JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

*Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On June 27, 2022, Plaintiff filed an application for Title XVI supplemental security income benefits, alleging a disability onset date of July 29, 2001. Tr. 17. The application was denied initially, and again on reconsideration. *Id*. Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ") on January 2, 2025. *Id*. The ALJ found that Plaintiff had a prior denial dated July 28, 2021 but that Plaintiff had rebutted the presumption of continuing nondisability through a changed circumstance. Tr. 17.

On January 30, 2025, the ALJ denied Plaintiff's claim, which became the Commissioner's final decision. Tr. 27.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity after June 27, 2022, the alleged onset date. Tr. 20. At step two, the ALJ found Plaintiff had the following severe impairments: ischemia of the large intestine; degenerative disc disease of the lumbar spine; obesity; dislocation of left patella; a depressive disorder; and an anxiety disorder. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. *Id*. The ALJ then found Plaintiff had a residual

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

functional capacity to perform less than a full range of light work with the following limitations:

> Claimant is able to sit for 6 hours out of 8 hours; and he can stand and walk for 6 hours out of 8 hours. Claimant is able to lift, carry, push, or pull 10 pounds frequently and up to and including 20 pounds occasionally. He should never climb ladders, ropes, or scaffolding. Claimant can occasionally climb stairs or ramps; stoop; kneel; crouch; crawl; and balance. He must have reasonable access to a restroom facility, defined as never having job duties that require a replacement worker at the job site before claimant is able to leave his duty station. This limitation contemplates jobs such as a highway flag person or a school crossing guard. Claimant should never be exposed to hazards, such as dangerous machinery and unprotected heights. Duties must be simple, repetitive, and routine. Duties must be consistently the same with little or no change.  Claimant is able to use judgment to make simple work-related decisions. He can concentrate and persist for 2 hours at a time before requiring a break but would be off task for approximately 5% of the workday. Claimant would miss in the range of 7-10 days per year but not necessarily in consecutive months or weeks. He should never have job duties that require interaction with the public as a primary function. Claimant can have up to occasional contact with co-workers. Co-worker contact must be incidental and not in a team or teamwork setting. Claimant is able to have up to frequent interaction with supervisors.

Tr. 21.

At step four, the ALJ found Plaintiff did not have past relevant work.  Tr. 26. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, and testimony from a vocation expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as housekeeping cleaner, price marker, and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

router.  Tr. 26.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from June 27, 2022, the alleged onset date, through January 30, 2025, the date of the ALJ's decision.  Tr. 27.

On July 25, 2025, the Appeals Council denied review (Tr. 1-3), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for this Court's review:

1. Did the ALJ properly consider Plaintiff's subjective symptom testimony; and

2. Did the ALJ properly evaluate the medical opinion evidence.

## DISCUSSION

### A. Plaintiff's Subjective Symptom Testimony

Plaintiff asserts the ALJ improperly rejected Plaintiff's subjective symptom testimony.  ECF No. 13 at 18.  An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R. § 416.929(c)(3).

### 1. Mental Impairments

The ALJ noted that Plaintiff testified as to being forgetful and disorganized, experienced hopelessness and sadness, and felt panicky around others and experienced mood swings. Tr. 22. The ALJ found Plaintiff's mental impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

symptoms were not entirely consistent with the evidence.  Tr. 24.  In arriving at this conclusion, the ALJ considered several of the factors described above.

First, the ALJ found the medical record and exam findings did not support the degree of impairment Plaintiff alleges.  Tr. 22.  The ALJ noted that Plaintiff had received treatment at Comprehensive Healthcare for his mental symptoms on a monthly basis and had reported improvement in his symptoms.  Tr. 22.  The ALJ relied on several records from January 2023 to June 2024.  *Id.* (citing Tr. 640, 643-44, 676, 653, 656-658, 705, 721, 794, 807, 810-812, 797-799, 830).  The ALJ noted that Plaintiff's mental status examinations were mostly within normal limits and concluded that Plaintiff's symptoms were alleviated with treatment.  *Id.*

Plaintiff argues that the ALJ improperly rejected Plaintiff's symptom testimony as unsupported by objective evidence.  ECF No. 10 at 4.  Indeed, an ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680.  However, "the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).  Here, the ALJ did not discount Plaintiff's symptoms solely as being unsupported by objective

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

medical evidence but rather found it was also undermined by records indicating that Plaintiff's symptoms improved with treatment. "Impairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) (citations omitted).

Plaintiff argues that the record demonstrates some improvement with medication but not to a degree that is inconsistent with his subjective complaints. ECF No. 10 at 10. Plaintiff cites to records from February 2021 through October 2024 that he argues demonstrate that Plaintiff consistently presented with anxiety and distracted. *Id.* However, the records Plaintiff relies on do not overall undermine the ALJ's finding that Plaintiff's reported symptoms improved with treatment.

First, the record from January 2021 reported Plaintiff endorsing some improvement in paranoia and mood lability with medication but worse anxiety and the occurrence of panic attacks that may have been related to a recent change in medication. Tr. 404. Plaintiff was prescribed a higher dose of Ziprasidone to help with mood stability and began Clonazepam to help with his anxiety and panic attacks. *Id.* In February 2021, Plaintiff reported being worse and endorsed outbursts, anxiety, and overall mood instability, however, it was noted that the Ziprasidone may have been the cause of the worsening symptoms. Tr. 420. Plaintiff then began Vraylar for mood stability. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

In March 2021, Plaintiff reported that he felt worse and endorsed anxiety but also noted that the medication was working and that he was improving so much in his overall mood. Tr. 435. In April 2021, Plaintiff reported he was "actually" doing well, had less anxiety, reduced racing thoughts and could complete tasks. And while he did report getting irritated over small things, he also reported being able to brush off the situations better. He said medications were helping and his paranoid thoughts were considerably reduced. Tr. 448. In July 2021, Plaintiff reported as the happiest he'd ever been. Tr. 466. He denied having mood swings and endorsed an improvement in paranoia and racing thoughts. Tr. 466. He did report jitteriness after starting Vraylar and began medication to treat the side effects. Tr. 466. Plaintiff continued to report movement issues and related anxiety in August 2021, but reported that his mood was very stable and he was getting along with everyone. Tr. 482.

In January 2022, Plaintiff reported as being "good" and that his chronic bipolar symptoms were stable. He noted that he stopped taking his medication for a time because he was frustrated from the side effects "and the idea he needed medications." Tr. 529. While he was not taking his medication he reported a resurgence of paranoia, mood lability and poor sleep. *Id.* However, his mood stabilized after he restarted his medication. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

Plaintiff reported in March 2022 that he continued to consistently take his medications and that everything was perfect. Tr. 543. He denied getting excessively angry or irritable. Tr. 543. He also reported that Clonazepam benefited his anxiety and the movement issues he was having, although he reported being antsy. Tr. 543.

In April 2022, Plaintiff reported an increase in anxiety that was starting to lead toward a depressive state. Tr. 558. Plaintiff was prescribed an anti-depressant. *Id.* The record from the next month reported that Plaintiff was still feeling depressed but not having major mood swings. Tr. 572. His anti-depressant dosage was increased to help with his depression. *Id.*

In October 2022, Plaintiff reported that he had a significant stressor from moving but reported taking his medications as prescribed and having a relatively stable mood with no major mood swings, major depressive bouts, panic attacks, or psychosis. Tr. 626. Finally, in January 2023, while continuing his prescribed medication, Plaintiff reported "everything is perfect" and that he felt productive and upbeat. Tr. 640. And while he endorsed anxiety and racing thoughts, he denied major mood swings, major depressive bouts, panic attacks, or psychosis and felt stable. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

Overall, Plaintiff's cited records support, not undermine, the ALJ's reasoning that Plaintiff's symptoms improved with treatment which undermined his alleged severity of them.

The ALJ also reasoned that Plaintiff's daily living activities suggested he was more physically, mentally, and socially capable than alleged. Tr. 24. The ALJ noted that Plaintiff reported he could prepare simple meals, take out the trash, carry in groceries, and shop for groceries. He also reported going to doctor appointments and fishing once a month. Tr. 24. Finally, the ALJ noted that Plaintiff reported in 2023 that he was hanging out with friends more and chopping wood. *Id.*

Plaintiff argues that the ALJ's reliance on daily living activities to discount Plaintiff's testimony did not take into consideration the surrounding context and limitations related to these activities. ECF No. 10 at 12-13. However, the ALJ concluded that the daily living activities were not "significantly restricted." Tr. 24. An ALJ may still use activities that suggest difficulty functioning to discredit testimony " to the extent they contradict claims of totally debilitating impairment." *Molina*, 674 F.3d at 1113, *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Plaintiff notes that he only reported chopping wood a single time while living with a friend. *Id.* at 12. However, the record indicates that Plaintiff reported

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

he had been chopping wood for the previous fourteen days.  Tr. 676.  Moreover, the ALJ's cited record from January 2023 shows Plaintiff reporting that he had started working outside the home at "A1 trees," although it does not state for how long.  Tr. 640.  Finally, Plaintiff's report of chopping wood with a friend and hanging out more with friends in 2023 undermine his functional report that he cannot get along with other people or trust anyone.  Tr. 307-308.

While the Ninth Circuit has cautioned against reliance on "certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise" to discount a plaintiff's symptom allegations, the ALJ here considered other factors and found additional reasons for discrediting Plaintiff's subjective symptom testimony.  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).  Plaintiff's own interpretation of the record cannot overcome the ALJ's properly supported conclusions.  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Burch*, 400 F.3d at 679 (citation omitted).

*2. Physical Impairments*

As to Plaintiff's reported physical impairments, the ALJ noted that Plaintiff testified that he fell from a tree and fractured his coccyx, crushed disc L4-L5, and dislocated his left knee in 2006.  Plaintiff reported he had weakness in his left leg making it difficult to walk for extended period of time, although he had not had

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

treatment for it.  Tr. 22.  The ALJ also noted that Plaintiff had colitis, weighed 370 pounds and was 5'11" in height.  *Id.*

The ALJ noted that Plaintiff reported in March 2023 that his knee was dislocating on a monthly basis and then a weekly basis by May 2023.  Tr. 23.  Plaintiff reported having constant left knee pain that was aggravated by using stairs, standing, and walking.  *Id.*  The ALJ concluded that based on Plaintiff's physical impairments of obesity, degenerative disc disease, and intestinal impairments, Plaintiff was limited to "light work that precludes exposure to hazards, requires only occasional postural activities, and has reasonable access to restrooms."  *Id.*

Plaintiff contends the ALJ improperly discounted Plaintiff's testimony solely based on objective findings.  ECF No. 10 at 11.  However, the ALJ also relied on Plaintiff's daily living activities that suggested he was more physically capable than alleged.  Tr. 24.

Overall, the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record to discount Plaintiff's subjective symptom testimony.

**B. Medical Opinion Evidence**

Plaintiff argues the ALJ improperly assessed the medical opinions of J. Austin, NP, B. Hardison, FNP, M. Washington, ARNP, and the state agency

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

mental health sources.  ECF No. 10 at 15-21.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  20 C.F.R. § 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff filed her Title XVI claim after March 27, 2017.  *See* Tr. 15.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a)–(b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."  20 C.F.R. § 416.920c(c)(1)–(5).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 18

The ALJ is required to explain how the most important factors, supportability and consistency, were considered.  20 C.F.R. § 416.920c(b)(2).  These factors are explained as follows:

> (1) *Supportability*.  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency*.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 416.920c(b)(2).  However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered.  20 C.F.R. § 416.920c(b)(2).

### 1.  J. Austin, NP

NP Austin examined Plaintiff in December 2022 and concluded Plaintiff would be challenged with sustaining concentration and persisting in work-related activity at a reasonable pace, would be challenged with maintaining effective

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

social interaction on a consistent and independent basis, and could not deal with normal pressures in a competitive work environment due to internal preoccupation and auditory hallucinations.  Tr. 613.

The ALJ found NP Austin's opinion unpersuasive.  Tr. 25.  The ALJ reasoned that while NP Austin's objective findings supported significant mental limitations, there was no history to support a diagnosis of schizoaffective disorder and noted that Plaintiff's history of methamphetamine abuse could also support the reported limitations.  *Id.*  The ALJ also found that the limitations were vague and vocationally irrelevant as the terms "challenged" and "normal pressures" were undefined and that no basis or explanation as given for these findings.  *Id.*  Finally, the ALJ concluded that the findings were inconsistent with other treatment notes that demonstrated Plaintiff was not so mentally limited to the extent he could not function.  *Id.*

Plaintiff asserts that the ALJ improperly concluded that NP Austin did not provide a basis or explanation to support the limitation findings.  The Court agrees that NP Austin did provide a basis for the assessed limitations, and the ALJ erred in concluding otherwise.  However, even if the ALJ erred in assessing the supportability factor, such "error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion."  *Molina*, 674 F.3d at 1115.  Other courts have

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

found harmless error where an ALJ only addresses supportability or consistency, but such finding was supported by substantial evidence. *See Stringer v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00387-TUC-JCH, 2024 WL 1340717, at *3 (D. Ariz. Mar. 28, 2024) (collecting cases).

Here, the Court finds harmless error as the ALJ provided substantial evidence in concluding NP Austin's findings were inconsistent with other medical evidence. The records the ALJ relied on demonstrate that Plaintiff generally did well with treatment, was interacting with others, and denied experiencing hallucinations and other psychosis or disturbances of perception. *See, e.g.*, Tr. 694, 796-798, 811, 830. The ALJ provided substantial support in discounting NP Austin's opinion and did not err.

*2. Maryalice Hardison, FNP*

FNP Hardison examined Plaintiff on August 8, 2024 and concluded he would not be able to meet the demands of sedentary work due to his left patella dislocation and chronic low back pain. Tr. 775-776. The ALJ found the opinion "not supported by the essentially blank range of motion chart or the x-ray photos that are not explained." Tr. 25. The ALJ noted that there did not appear to have been any examination of Plaintiff and FNP Hardison's report was based on Plaintiff's subjective reports. *Id.* The ALJ further concluded that the report was

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

considered a non-medical source "and inherently neither valuable nor persuasive under the Regulations (20 CFR 416.920b(c))." *Id.*

Plaintiff argues the ALJ erred in failing to address the consistency factor. ECF No. 10 at 20. An ALJ is not required to articulate how the consistency and supportability factors were considered for non-medical sources. 20 C.F.R. § 920c(d). However, here, the ALJ erred in concluding FNP Hardison's opinion was a non-medical source as it was a medical opinion from an acceptable medical source pursuant to 20 C.F.R. § 416.902(a)(7). Therefore, the ALJ erred in failing to address the consistency factor in evaluating the opinion.

The Court concludes any error was harmless as the ALJ adequately discounted FNP Hardison's assessed limitations as not supported by her own examination, and appeared to be based on Plaintiff's subjective reports. The Ninth Circuit held in *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) that an ALJ may discount a provider's medical opinion where it is largely based on an "applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible." *Ghanim*, 763 F.3d at 1162. However, "there is no evidentiary basis for rejecting the opinion" where "an opinion is not more heavily based on a patient's self-reports than on clinical observations." *Id.*

Here, the included range of motion evaluation charts are blank, and no explanation was provided to support the severity ratings other than a short

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

description of Plaintiff's injury from 2006 and an x-ray without any explanation of the findings.  Tr. 774, 777-779, 770.  This reasonably led the ALJ to conclude that FNP Hardison's limitations were based on Plaintiff's subjective reports.  Plaintiff argues that FNP Hardison did examine Plaintiff the day she completed her opinion and recorded Plaintiff's body mass index as 37.48 and noted Plaintiff had a pins/needles sensation not following radicular pattern.  ECF No. 10 at 21; Tr. 787-788.  However, this record does not undermine the ALJ's finding that FNP Hardison largely relied on Plaintiff's subjective reporting of chronic left knee pain and lower back pain, nor did FNP Hardison make any reference to those findings in the report.  Tr. 787-788.  As the ALJ adequately discounted Plaintiff's subjective symptom testimony, the Court finds the ALJ's conclusion is supported by substantial evidence.

*3. M. Washington, ARNP*

Plaintiff contends that the ALJ improperly ignored ARNP Washington's report agreeing with FNP Hardison's disabling limitation findings.  ECF No. 10 at 21.  It appears that ARNP Washington's limitation findings were based solely on FNP Hardison's report.  Tr. 771-773.  Therefore, to the extent the ALJ erred in failing to address ARNP Washington's report, such error was harmless for the reasons previously discussed.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

*4. State Agency Mental Health Sources*

The ALJ found the prior administrative medical findings from 2024 regarding Plaintiff's mental limitations persuasive "because they indicate claimant has moderate mental limitations and can do a range of simple, repetitive and routine work that involves little changes and interaction with others." Tr. 24. The ALJ then concluded that the findings from 2023 were not supported "because they indicate that claimant has no limitation in interacting with others or in adapting," which was "internally inconsistent with the finding that claimant is moderately limited in working in coordination with others and completing normal workday and workweek." Tr. 24.

Plaintiff argues that this latter reasoning contradicts the ALJ's conclusion that the prior administrative findings were consistent with the objective evidence and evidence of improvement. ECF No. 16 at 11. The Court disagrees as the ALJ never concluded that the objective evidence or evidence of improvement meant that Plaintiff had no limitations in interacting with others, but rather showed "claimant's symptoms were alleviated with treatment and would not prevent him from working." Tr. 23. Moreover, the ALJ noted in the RFC determination that Plaintiff's work "should not involve interaction with the public, but he could have occasional and incidental contact with co-workers and frequent interaction with supervisors." *Id.* The Court does not find the ALJ erred in evaluating the state

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24

agency sources.  The ALJ's opinion is reasonable and properly supported by substantial evidence.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 10) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 15) is

   **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **close the file**.

DATED May 14, 2026.

THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25