FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 31, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC R. P., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY Defendant. | NO. 1:25-CV-3160-TOR<br><br>ORDER GRANTING MOTION TO ALTER JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion to Alter Judgment (ECF No. 19). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's motion is **GRANTED**.

The Court previously issued an Order affirming the Commissioner's denial of disability benefits to Plaintiff. ECF No. 17. Plaintiff now moves the Court to alter its judgment pursuant to Fed. R. Civ. P. 59(e). ECF No. 19.

A motion for reconsideration of a judgment may be reviewed under either

Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff argues the Court committed clear error in finding the ALJ's errors in evaluating the medical opinion evidence were harmless. The Court previously found that the ALJ's failure to address the consistency factor in evaluating FNP Hardison's opinion was harmless error because the ALJ's supportability finding was supported by substantial evidence. ECF No. 17 at 23. The Court then concluded that the ALJ's failure to address ANRP Washington's opinion in its entirety was harmless error because the opined limitations appeared to rely solely on FNP Hardison's report. *Id.* Plaintiff argues this was clear error because the Court is constrained to review the reasons the ALJ sets forth, the ALJ's failure to address the consistency factor in evaluating FNP Hardison's opinion cannot be

applied to ANRP Washington's report, the inclusion of ANRP Washington's report changes the landscape of the consistency analysis, and the regulations require an ALJ to evaluate and articulate the persuasiveness of all medical opinions. ECF No. 19 at 5-7. After careful consideration of Plaintiff's arguments, the Court agrees it committed clear error and reconsideration is warranted. The ALJ's error in failing to articulate any evaluation of ANRP Washington's medical opinion was not harmless because the opined limitations, if credited as true, would render Plaintiff disabled. Tr. 772. Moreover, the Court cannot conclude the ALJ's error in evaluating the consistency of FNP Hardison's opinion was harmless where the ALJ did not evaluate the report as from an acceptable medical source that was consistent with FNP Hardison's report. Therefore, remand is necessary for the ALJ to properly consider the medical opinion evidence and, if necessary, make a new step five determination.

//

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Alter Judgment (ECF No. 19) is **GRANTED**.

2. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to enter this Order, **enter an Amended Judgment** in favor of Plaintiff, and furnish copies to counsel. The file shall remain **CLOSED**.

DATED August 31, 2026

THOMAS O. RICE
United States District Judge